UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WALTER W.,[1]

        Plaintiff,

    v.                                                  1:21-CV-00135-LJV
                                                            DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

On January 25, 2021, the plaintiff, Walter W. ("Walter"), brought this action under

the Social Security Act ("the Act").  He seeks review of the determination by the

Commissioner of Social Security ("Commissioner") that he was not disabled.[2]  Docket

Item 1.  On December 20, 2021, Walter moved for judgment on the pleadings, Docket

Item 7; on May 16, 2022, the Commissioner responded and cross-moved for judgment

on the pleadings, Docket Item 8; and on June 27, 2022, Walter replied, Docket Item 9.

---

    [1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

    [2] Walter applied for Supplemental Security Income ("SSI").  SSI is paid to a
person with a disability who also demonstrates financial need.  42 U.S.C. § 1382(a).  A
qualified individual may receive both Disability Insurance Benefits ("DIB") and SSI, and
the Social Security Administration uses the same five-step evaluation process to
determine eligibility for both programs.  *See* 20 C.F.R §§ 404.1520(a)(4) (concerning
DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court denies Walter's motion and grants the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*.  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

**DISCUSSION**

Walter argues that the ALJ improperly evaluated the opinion of a consultative examiner, Todd Deneen, Psy.D.  *See* Docket Item 7-1 at 8-12.  Specifically, he argues that in formulating Walter's residual functional capacity ("RFC"),[4] the ALJ failed to account for Dr. Deneen's finding of moderate limitations in regulating emotions, controlling behavior, and maintaining well-being.  *Id.*  This Court disagrees.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). But that does not mean that the RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision."  *Matta*, 508 F. App'x at 56. As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error.  *See* 20 C.F.R. § 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

Here, Dr. Deneen opined that Walter had moderate limitations in "[r]egulating emotions, controlling behavior, and maintaining well-being."  *See* Docket Item 6 at 478.

---

[4] A claimant's RFC "is the most [he] can still do despite [his] limitations . . . in an ordinary work setting on a regular and continuing basis."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

Dr. Deneen concluded that Walter's limitations were "caused by his mood symptoms and lack of motivation" but that they did not appear "significant enough to interfere with [his] ability to function on a daily basis." *Id.* The ALJ found Dr. Deneen's opinion "generally persuasive, as it is consistent with the medical evidence of record overall." *Id.* at 24.

In reaching that conclusion, the ALJ properly evaluated Dr. Deneen's opinion. *Cf. Angela H.-M. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, 2022 WL 4486320, at *4 (W.D.N.Y. 2020) (discussing the process by which an ALJ may properly evaluate a medical opinion under section 416.920c). More specifically, he noted that the opinion was "consistent with the medical evidence of record overall," Docket Item 6 at 24, which the ALJ had previously recounted in some detail, *id*. at 22-23, and therefore was "generally persuasive," *id.* at 24. In fact, Walter does not take issue with the ALJ's acceptance of Dr. Deneen's opinion or challenge Dr. Deneen's opinion in any way. *See* Docket Item 7-1 at 8-12.

Based on all the medical evidence and opinions, including Dr. Deneen's opinion, the ALJ concluded that Walter had the RFC to perform a full range of work at all levels with the following non-exertional limitations: "[Walter could] have occasional interaction with supervisors/co-workers/the public," and Walter could work only "in a 'low-stress' job defined as having no more than occasional changes in the work setting." Docket Item 6 at 21. Walter argues that the RFC fails to account for Dr. Deneen's opinion that Walter had moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. *See* Docket Item 7-1 at 8-12. But that argument is misplaced.

4

First, the ALJ clearly recognized and accepted the limitations about which Dr. Deneen opined.  Although the ALJ did not explicitly discuss those limitations in evaluating Dr. Deneen's opinion, he concluded at step three that Walter was moderately limited in his ability to adapt or manage himself.  *See* Docket Item 6 at 21; *see also Mangual v. Comm'r of Soc. Sec.*, 600 F. Supp. 3d 313, 329 (S.D.N.Y. 2022) ("Moreover, while the ALJ did not separately discuss Mangual's capacity to regulate emotions, control behavior, and maintain well-being . . ., the ALJ elsewhere in his decision provided reasons for his finding that Mangual was only mildly limited in this area.").  Indeed, the ALJ cited Dr. Deneen's opinion in support of his conclusion at step three.  *See* Docket Item 6 at 21 (citing "Exhibit 7F," Dr. Deneen's opinion).

Moreover, the RFC's limitations to only occasional interaction with the public, supervisors, and co-workers and to only "low-stress" jobs adequately addressed the moderate limitations found by Dr. Deneen.  *Cf. Mangual*, 600 F. Supp. 3d at 329 (noting that a "moderate limitation . . . in 'regulating emotions, controlling behavior, and maintaining well-being,' was adequately addressed by [the ALJ's] RFC limitation . . . to 'simple, repetitive, [and] routine tasks'").  Those work limitations adequately addressed what Dr. Deneen found to be moderate limitations in regulating emotions, controlling behavior, and maintaining well-being, especially when Dr. Deneen also explicitly noted that those limitations were not "significant enough to interfere with [Walter's] ability to function on a daily basis."   Docket Item 6 at 478.

Finally, the RFC finds additional support in the testimony of the Vocational Expert ("VE") that a hypothetical claimant with Walter's limitations could perform certain types

of "unskilled" work, such as assembler, machine operator, and product inspector.[5]  *See*

Docket Item 6 at 55-56.  The ALJ concluded that Walter could perform those jobs, thus

also limiting him to unskilled work.  *See id.* at 25; *see also Mangual*, 600 F. Supp. 3d at

329 (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)) (finding that "moderate

limitations are not an impediment to the ability to perform gainful activity, particularly

when an RFC has already limited a claimant to unskilled, routine work.").

At its core, Walter's argument is a disagreement about what he can do based on

Dr. Deneen's finding of moderate limitations in regulating emotions, controlling behavior,

and maintaining well-being.  But the ALJ concluded that as long as Walter had limited

interaction with others, he could perform unskilled, low-stress jobs—jobs that someone

with moderate limitations in regulating emotions, controlling behavior, and maintaining

well-being can perform.  *See Mangual*, 600 F. Supp. 3d at 329.[6]  Therefore, because

the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that

was consistent with the record as a whole," the ALJ's RFC determination was supported

---

[5] According to the VE, all three of these positions have a specific vocational preparation ("SVP") level of 2.  *See* Docket Item 6 at 56.  SVP is "defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  Appendix C*, Dictionary of Occupational Titles* (4th Ed., Rev. 1991), 1991 WL 688702 (Jan. 1, 2016).  If a position has an SVP level of 2, only a "short demonstration up to and including 1 month" is needed for someone to learn how to perform the job.  *Id.*  These jobs are considered "unskilled" because a worker can "usually learn to do them in 30 days or less."  SSR 82-41, 1982 WL 31389, at *2 (Jan. 1, 1982).

[6] What is more, Walter does not suggest any additional limitations that the ALJ should have included in the RFC to better account for Dr. Deneen's findings, and that is another reason why remand is not appropriate.  *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) ("Here, Smith had a duty to prove a more restrictive RFC, and [he] failed to do so.") (citations omitted).

by substantial evidence and this Court will not second-guess it.  *Matta*, 508 F. App'x at 56.

## CONCLUSION

Although this Court has sympathy for Walter and the hardships that must stem from his limitations, the ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, for the reasons stated above, Walter's motion for judgment on the pleadings, Docket Item 7, is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 8, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.


SO ORDERED.

Dated:      February 23, 2023
            Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE